UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION



LOPAKA CURTIS BOUNDS

    Plaintiff,

    vs.

PINNACLE SPECIAL POLICE, INC., C.W.
ROBERTSON, individually and as employee of
PINNACLE SPECIAL POLICE, INC., BRIAN D.
SHEPPARD, individually, and as employee of
PINNACLE SPECIAL POLICE, INC., and
WAFFLE HOUSE, INC.

    Defendants.

**NOTICE FOR REMOVAL**

7:05-CV-65-F3

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF NORTH CAROLINA:

    Defendants, PINNACLE SPECIAL POLICE, INC., C.W. ROBERTSON, individually and

as employee of PINNACLE SPECIAL POLICE, INC., BRIAN D. SHEPPARD, individually, and

as employee of PINNACLE SPECIAL POLICE, INC., by and through counsel, respectfully

petition the United States District Court for the Eastern District of North Carolina, Southern

Division, to remove the above-captioned action commenced in the Superior Court Division of

New Hanover County, North Carolina, File Number 05 CVS 0914, to this Court pursuant to 28

U.S.C. §1441 *et seq.* and, in support thereof, show unto the Court the following:

    1.  The Petitioners herein are Defendants in this civil action brought against them in

the Superior Court of the State of North Carolina, New Hanover County, titled "LOPAKA

CURTIS BOUNDS PINNACLE SPECIAL POLICE, INC., C.W. ROBERTSON, individually

and as employee of PINNACLE SPECIAL POLICE, INC., BRIAN D. SHEPPARD, individually, and as employee of PINNACLE SPECIAL POLICE, INC. A copy of the Complaint and Summons are attached hereto and constitute all process, pleadings and orders served upon Defendants in that action.

2. The Summons and Complaint accompanying this Petition were served upon the Defendants within the last thirty (30) days. Removal is timely under the provisions of Title 28 U.S.C. §1446(b).

3. This action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 U.S.C. §1331, and is one which may be removed to this Court by the Petitioners, the Defendants therein, pursuant to the provisions of Title 28 U.S.C. §1441. Plaintiff alleges, among other claims, violations of his rights contrary to the Fourth and Fourteenth Amendments of the United States Constitution and in violation of the Civil Rights Act, Title 42 U.S.C. §1983.

4. Petitioners represent that promptly after the filing of this Petition, the undersigned will give notice to Plaintiff by means of the notice filed contemporaneously herein.

WHEREFORE, the Petitioners respectfully request that the above action now pending against them in the Superior Court of North Carolina, in and for the County of New Hanover, be removed therefrom to this Court.

This the 8th day of April, 2005.

CROSSLEY, McINTOSH, PRIOR & COLLIER

BY: _____

Brian E. Edes
State Bar No.: 25415
2451 S. College Road
Wilmington, NC 28412

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PETITION FOR REMOVAL was this day served upon the below named counsel by mailing a copy of such instrument, postage prepaid, first class mail, to the office address of:

Woody White
WHITE & HEARNE, L.L.P.
265 Racine Drive, Suite # 104
Wilmington, NC 28403

This the 8 day of March, 2005.

Brian E. Edes

**File No.**

5CV 0914

New Hanover _____ County

In The General Court of Justice

☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name of Plaintiff*<br>**LOPAKA CURTIS BOUNDS** | |
| *Address* | **CIVIL SUMMONS** |
| *City, State, Zip* | ☐ **ALIAS AND PLURIES SUMMONS** |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |

| | |
|---|---|
| *Name of Defendant(s)*<br>**PINNACLE SPECIAL POLICE, INC., C.W. ROBERTSON,**<br>individually and as employee of Pinnacle Special Police, Inc.,<br>**BRIAN D. SHEPPARD**, individually and as employee of<br>Pinnacle Special Police, Inc., and **WAFFLE HOUSE, INC.** | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summon(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address of Defendant 1*<br>**PINNACLE SPECIAL POLICE, INC.**<br>Registered Agent: **William E. Reynolds, Jr.**<br>925 South Kerr Avenue, Suite D<br>Wilmington, North Carolina 28403 | *Name And Address of Defendant 2*<br>**C.W. ROBERTSON**<br>925 South Kerr Avenue, Suite D<br>Wilmington, North Carolina 28403 |

A TRUE COPY

... SUPERIOR COURT<br>... COUNTY<br><br>Assistant Deputy Clerk Superior Court

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Woody White<br>White & Hearne, LLP<br>265 Racine Drive, Suite 104<br>Wilmington, North Carolina 28403 | *Date Issued* 3 11 05   *Time* 2:00  ☐ AM  ☒ PM<br>*Signature* Tiera 2 Col<br>☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date of Endorsement*   *Time*  ☐ AM  ☐ PM<br>*Signature*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** *Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

FILE #:

5CV 0914

| | |
|---|---|
| LOPAKA CURTIS BOUNDS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PINNACLE SPECIAL POLICE, INC., | ) |
| C.W. ROBERTSON, individually and as | ) |
| employee of PINNACLE SPECIAL | ) |
| POLICE, INC., BRIAN D. SHEPPARD, | ) |
| individually, and as employee of | ) |
| PINNACLE SPECIAL POLICE, INC., and | ) |
| WAFFLE HOUSE, INC. | ) |
| | ) |
| Defendants. | ) |

**_COMPLAINT_**

**_NOW COMES FORTH_** the Plaintiff in this action, by and through the undersigned, and does complain of the defendants herein, saying as follows:

### _JURISDICTIONAL ALLEGATIONS_

1.     That the plaintiff LOPAKA CURTIS BOUNDS (hereinafter "BOUNDS") is a citizen and resident of Blacksburg, Virginia.

2.     That the defendant PINNACLE SPECIAL POLICE, INC. (hereinafter, "PINNACLE") is a corporation existing under and by virtue of the laws of the State of North Carolina, with its principle place of business located in Wilmington, New Hanover County, North Carolina.

3. That upon information and belief, the defendant C.W. ROBERTSON (hereinafter "ROBERTSON") is a citizen and resident of New Hanover County, North Carolina.

4. That upon information and belief, the defendant BRIAN D. SHEPPARD (hereinafter "SHEPPARD") is a citizen and resident of New Hanover County, North Carolina.

5. That the defendant WAFFLE HOUSE, INC. (hereinafter ("WAFFLE HOUSE") is a corporation existing under and by virtue of the laws of the State of Georgia with its principle place of business in Norcross, Georgia, and that the same operates a certain business in Wilmington, New Hanover County, North Carolina, at 5041 Market Street.

### *FACTUAL ALLEGATIONS*

6. That at all times relevant to these factual allegations, BOUNDS was a member of the United States Marine Corps, in good standing, and representative of the high standards of personal conduct to which members thereto hold themselves.

7. That around 1:30 a.m. on or about the 12th day of November, 2004, BOUNDS entered the premises of WAFFLE HOUSE located at 5041 Market Street in Wilmington, North Carolina, to order food and thereafter, to return to his assigned duty station at Camp Lejune, North Carolina.

8. That BOUNDS was driving a pickup truck and had his friend's dog in the back of the truck, where it remained while he was in WAFFLE HOUSE.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

9.     That once inside and seated, BOUNDS ordered steak, eggs and hash browns and then went back outside to play with the dog while his food was being prepared.

10.     That after a few minutes, BOUNDS returned back inside just as his order was completed, which he then consumed. As the waitress placed his check on the table, he said that it was very good, and then handed her his VISA check card to pay for the meal.

11.     That BOUNDS was informed by the waitress that WAFFLE HOUSE did not accept debit or credit cards and that he would need to pay with cash. BOUNDS then asked where was the closest ATM machine so that he could go get some cash. The waitress told him that it was on the next block, to which BOUNDS replied, *"Thank you, I will be back in a minute."*

12.     That there is, in fact, an ATM machine located just across the street from the Waffle House Restaurant, and about a block away.

13.     That the waitress replied that BOUNDS would need to leave a credit card to guarantee payment and subsequently, BOUNDS handed his VISA card to the waitress and then proceeded to leave to obtain the cash.

14.     That as BOUNDS began to leave the premises to obtain the cash, a security officer, now known to be the Defendant ROBERTSON, who was on duty at the WAFFLE HOUSE, instructed BOUNDS to stop to which BOUNDS replied, *"What is the problem?"* and was informed by ROBERTSON that BOUNDS would have to leave his Identification card with the officer.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

15. That BOUNDS stated that he would prefer to leave his other credit cards, or alternatively, his entire wallet, but not his ID card.

16. That ROBERTSON continued to demand that BOUNDS give him his ID card, and BOUNDS continued to politely refuse to do so, while also attempting to pacify ROBERTSON so this situation would pass as soon as possible.

17. That ROBERTSON stated to BOUNDS that *"I am going to arrest you for defrauding an innkeeper"* to which BOUNDS replied, *"Well, let me call my buddy and ask him to bring me the cash so I won't have to leave here to get it."* ROBERTSON then stated to BOUNDS *"You have 60 seconds to do so."*

18. That BOUNDS then sat down in a booth to call his friend, and while dialing the numbers, verbally expressed his dismay to ROBERTSON about the officer's unnecessary and unreasonable actions. BOUNDS then left a message on his friend's voicemail, and immediately after the call ended, ROBERTSON slapped a handcuff on BOUNDS' left wrist, grabbed him from the booth and forcefully snatched him up, threw BOUNDS with great force against a window and cuffed BOUNDS' other hand.

19. That ROBERTSON then took BOUNDS outside, where another officer from PINNACLE had arrived, and upon information and belief, BOUNDS alleges that it was Defendant SHEPARD.

20. That BOUNDS was escorted to a patrol car, where ROBERTSON then slammed him down on the hood with great force and violence. BOUNDS stated to ROBERTSON *"If you want me to do something, just ask. You don't have to keep throwing me around."*

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina  28403

21.     That after making this last statement and pleading with ROBERTSON to stop

his violent actions, BOUNDS was sprayed in the face with mace, a substance

that caused him to become nauseous, burned his eyes to where he could not

see what the officers were doing, and caused him great physical pain and

suffering. BOUNDS' arms were handcuffed behind his back when he was

sprayed with mace and was not physically resisting officer's unlawful arrest.

22.     That immediately after being sprayed with mace, and while still handcuffed

with his hands behind his back, BOUNDS was swept off his feet in military

style, fell face first on the hard pavement, and felt extraordinary pressure on

his back and neck from the officers weight on him. Thereafter, BOUNDS was

searched over his whole person, where nothing was found other than ordinary

personal effects, and then he was forcefully and violently thrown into the

patrol vehicle. BOUNDS' eyes and face were still enduring great pain,

stinging and burning as a result of the mace, but instead of expressing any

remorse or contrition over his actions, ROBERTSON stated that if BOUNDS

got any saliva on the seat of his car, that BOUNDS would be charged with

destruction of property.

23.     That BOUNDS continued to ask ROBERTSON and SHEPARD for what he

was being charged, to which they replied defrauding an innkeeper, intoxicated

and disruptive, and resisting arrest. BOUNDS then conveyed that he never

intended to leave without paying and that he tried to comply with their

unreasonable demands.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina, 28403

24. That within moments of being placed in the patrol vehicle, BOUNDS' phone rang which it was later determined was BOUNDS' friend responding to the earlier message, and either ROBERTSON or SHEPARD grabbed BOUNDS' phone and cut it off instead of answering it.

25. That ROBERTSON and SHEPARD then transported BOUNDS to the Law Enforcement Center in Wilmington, North Carolina for processing on warrants alleging violations of N.C.G.S. §14-110, §14-444 and §14-223, but upon arrival, the injuries to his left wrist appeared so bad that he was referred to the jail nurse, who BOUNDS believes is the person who allowed him to wash out his eyes and face. Someone then directed ROBERTSON and SHEPARD to escort BOUNDS to the emergency room at New Hanover Regional Medical Center for treatment of his injuries because she determined that his injuries were significant enough that they needed to be treated prior to any process being begun at the jail.

26. That BOUNDS was, in fact, treated for the injuries caused by ROBERTSON and SHEPARD at New Hanover Regional Medical Center, and was subsequently transported back to the Law Enforcement Center for processing and was ultimately charged with violations of the statutes cited above.

27. That thereafter, BOUNDS was issued a secured bond and remained in the custody of the New Hanover County Sheriff's Office for five (5) days, until he was ultimately brought before a District Court Judge, who unsecured BOUNDS' bond, allowed him to call his chain of command and report in, and then re-set the criminal case to another date.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina  28403

28. That BOUNDS was given a final court date of February 1, 2005 to appear in New Hanover County District Court, which he did, and entered a plea of not guilty to the charges against him.

29. That upon information and belief, both ROBERTSON and SHEPARD knew that BOUNDS was present at his court date and that he intended to have the matters tried, but they chose instead to skip the court hearing and not allow themselves to be questioned under oath about the abusive and illegal actions in which they both engaged on November 12, 2004. Subsequently, the Assistant District Attorney assigned in New Hanover Courthouse #200 entered a voluntary dismissal of all charges against BOUNDS, citing the officer's failure to be present at the allotted time and after they were informed by his office to be present.

## FIRST CAUSE OF ACTION – CIVIL RIGHTS VIOLATION OF 42 U.S.C. §1983 (ROBERTSON, PINNACLE)

30. That the allegations made in paragraphs 1 through 29 are incorporated by reference as if more fully set forth herein.

31. That at all times material to this Complaint, ROBERTSON was a "Company Police Officer" working as an employee for, and under the direct supervision and direction of, PINNACLE SPECIAL POLICE, and as authorized by virtue of the "Company Police Act" enumerated in N.C.G.S. Chapter 74E.

32. That at all times material to this Complaint, ROBERTSON was an employee of PINNACLE, was wearing a uniform identifying himself as an employee of PINNACLE, was being compensated as an employee thereof, and was acting within the scope of his employment by PINNACLE.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina, 28403

33.   That at all times material to this Complaint, ROBERTSON acted toward BOUNDS under the color of the statutes, ordinances, customs, and usage of the State of North Carolina, and the Company Police Act.

34.   That BOUNDS is proceeding against ROBERTSON individually for his actions, and as an employee of PINNACLE.

35.   That at no time from his first encounter with BOUNDS to the moment he placed him under arrest, did ROBERTSON have probable cause to believe that any law of the State of North Carolina had been, was being, or was about to be broken. Furthermore, this failure to properly establish probable cause to arrest was a violation of N.C.G.S. §401(b)(1) and  §401(d)(1).

36.   That without probable cause or legal justification of any kind, ROBERTSON maliciously charged BOUNDS with the offenses of defrauding an innkeeper, being intoxicated and disruptive, and resisting arrest, under the laws of the State of North Carolina.

37.   That because of ROBERTSON'S malicious charges against BOUNDS, BOUNDS was detained without cause by the New Hanover County Sheriff's Department for five (5) days.

38.   That on or about the 1st day of February, 2005, BOUNDS appeared in New Hanover County District Court to enter a plea of Not Guilty to all the charges ROBERTSON maliciously brought against BOUNDS, and due to ROBERTSON'S failure to appear for court, the charges were dismissed, said disposition being a final discharge of BOUNDS on these charges.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

39. That by means of his unlawful detention of BOUNDS and the malicious bringing of charges, ROBERTSON both individually, and as an employee of PINNACLE intentionally, or with deliberate indifference and callous disregard for BOUNDS' rights, deprived BOUNDS of his liberty without due process of law, in violation of the fifth (5th) and fourteenth (14th) amendments to the Constitution of the United States of America, in violation of Article I, sections one (1) and nineteen (19) of the Constitution of the State of North Carolina, and in violation of BOUNDS' civil rights as enumerated in Article 42 United States Code §1983.

40. That as a result of the ROBERTSON'S and PINNACLE'S actions, BOUNDS incurred damages in an amount in excess of ten thousand dollars and no cents ($10,000.00).

## SECOND CAUSE OF ACTION – FALSE IMPRISONMENT (ROBERTSON and PINNACLE)

41. That the allegations made in paragraphs 1 through 40, including all factual allegations and prior allegations material to each cause of action, are incorporated by reference as if more fully set forth herein.

42. That at or about the times hereinbefore alleged, ROBERTSON detained BOUNDS by placing handcuffs on BOUNDS' wrists, and physically placing BOUNDS in ROBERTSON'S patrol vehicle. Further, said detention was intentional, without the consent of BOUNDS, and without any lawful authority as is hereinbefore alleged.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

43. That as is hereinbefore alleged, ROBERTSON placed BOUNDS under arrest without establishing probable cause to effectuate said arrest, and in violation of N.C.G.S. §15A-401(b)(1), the same being on its face, a false imprisonment of BOUNDS.

44. That BOUNDS was subsequently falsely imprisoned for a period of five (5) days in the New Hanover County Sheriff's Department.

45. That all times material to this Complaint, and with specific reference to the False Imprisonment claim, ROBERTSON was in a PINNACLE uniform, was on duty and being compensated as an employee of PINNACLE, and was acting within the scope of his employment by PINNACLE.

46. That as a result of ROBERTSON'S actions, individually and as an employee of PINNACLE, BOUNDS incurred damages in excess of ten thousand dollars and no cents ($10,000.00).

### THIRD CAUSE OF ACTION – ASSAULT AND BATTERY (ROBERTSON, SHEPARD and PINNACLE)

47. That the allegations made in paragraphs 1 through 46, including all factual allegations and prior allegations material to each cause of action, are incorporated by reference as if more fully set forth herein.

48. That on or about the time hereinbefore alleged, both ROBERTSON and SHEPARD engaged in the violent and unlawful assault upon BOUNDS by placing handcuffs on his wrists, by striking him on and about his body, by throwing him violently on the hood of a car, and then to the ground, by forcefully and violently throwing him in the patrol vehicle, and by spraying a

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

substance known as mace in BOUNDS' eyes, causing severe stinging, burning, and discomfort.

49.    That each and every touching by ROBERTSON and SHEPARD was unlawful, without lawful authority, was against the will of BOUNDS, and caused injuries to and about BOUNDS' body thereby causing physical pain and suffering to BOUNDS.

50.    That as a direct and proximate result of these unlawful activities, BOUNDS sustained damages for pain and suffering, medical expenses, attorney's fees, and other actual, compensatory and consequential damages that will be shown at the trial of this matter and all in excess of ten thousand dollars and no cents ($10,000.00).

### *FOURTH CAUSE OF ACTION – NEGLIGENCE*
### *(WAFFLE HOUSE, ROBERTSON, SHEPARD and PINNACLE)*

51.    That the allegations made in paragraphs 1 through 50, including all factual allegations and prior allegations material to each cause of action, are incorporated by reference as if more fully set forth herein.

52.    That WAFFLE HOUSE has a duty to its customers to provide a safe and habitable place of business in which to eat, and furthermore, to ensure the safety of its patrons by contracting with security personnel that are competent, professional and knowledgeable in relation to the laws of the State of North Carolina when seeking to enforce the same.

53.    That on or about the 12th day of November, 2004, WAFFLE HOUSE was negligent in that its employees, names unknown at the time of filing this Complaint, after having significant dialogue with BOUNDS while taking his

**WHITE & HEARNE, L.L.P**
265 Racine Drive, Suite #104

order and during the time he was attempting to pay for his food, nevertheless, failed to intervene with ROBERTSON and SHEPARD in time to prevent the assault, false imprisonment, malicious prosecution, and unlawful arrest and detention of BOUNDS.

54.    That employees of WAFFLE HOUSE, names unknown at the time of filing this Complaint, had a duty to exercise reasonable care to prevent the damages and injuries sustained by BOUNDS and could have done so simply by intervening and informing ROBERTSON that BOUNDS was attempting to pay for his food, yet the unnamed employees of WAFFLE HOUSE failed to take the necessary precautions to prevent said harm to BOUNDS.

55.    That WAFFLE HOUSE was negligent in its failure to properly establish adequate guidelines to ensure that BOUNDS, and similarly situated patrons, would not be subjected to the abusive and unlawful actions of PINNACLE employees like ROBERTSON and SHEPARD.

56.    That upon information and belief, WAFFLE HOUSE engaged the services of PINNACLE, ROBERTSON and SHEPARD prior to establishing that ROBERTSON and SHEPARD were properly trained and experienced to serve as law enforcement officers, said actions by WAFFLE HOUSE being negligent in that it had a duty to determine that any security personnel it allowed on it's premises were properly trained and experienced in the enforcement of the laws of North Carolina, and that said security personnel had sufficient training and experience related to the formation of probable cause and fundamental due process of law.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina  28403

57.     That upon information and belief, WAFFLE HOUSE knew, or should have known, and had been informed on prior occasions that ROBERTSON was abusive to persons he detained, that he had resorted to using mace to spray people in the face without having the lawful authority to use force, and that WAFFLE HOUSE had a duty to exercise reasonable care in ensuring that ROBERTSON did not engage in these activities unless he was allowed to under the laws of North Carolina and the statutory authority pursuant to N.C.G.S. §15A-401(b)(1) and §15A-(d)(1).

58.     That upon information and belief, ROBERTSON'S actions against BOUNDS were foreseeable to WAFFLE HOUSE based upon his prior incidents at WAFFLE HOUSE.

59.     That upon information and belief, WAFFLE HOUSE failed to act to prevent ROBERTSON from engaging in these unlawful and negligent acts when with the exercise of reasonable care, WAFFLE HOUSE would have determined that such actions were occurring.

60.     That PINNACLE had a duty to BOUNDS to hire, train, and screen employees prior to authorizing them to enforce the laws of North Carolina, and that upon information and belief, and in light of the events of November 12, 2004, it failed to take the necessary steps to ensure that ROBERTSON and SHEPARD were adequately trained and experienced to enforce said laws.

61.     That ROBERTSON and SHEPARD, individually, and as employees of PINNACLE, were negligent in that they owed a duty to BOUNDS to formulate probable cause prior to placing him under arrest, as is statutorily

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina  28403

enumerated in N.C.G.S. §15A-401(b)(1) and §15A-401(d)(1), yet they breached said duty by falsely detained BOUNDS without probable cause to believe that any crime had occurred.

62. That the negligent acts of WAFFLE HOUSE, PINNACLE, ROBERTSON and SHEPARD, jointly and severally, were the proximate cause of BOUNDS' injuries and as a result thereof, BOUNDS has incurred actual, compensatory, and consequential damages for physical pain and suffering, mental anguish, false imprisonment, attorney's fees, etc., said damages being in an amount in excess of ten thousand dollars and no cents ($10,000.00).

### *FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES (ROBERTSON, SHEPARD and PINNACLE)*

63. That the allegations made in paragraphs 1 through 62, including all factual allegations and prior allegations material to each cause of action, are incorporated by reference as if more fully set forth herein.

64. That the actions of ROBERTSON and SHEPARD, individually, and as employees and agents of PINNACLE, were willful and wanton, committed with malice, and in a careless and reckless manner, with callous indifference to the civil and general rights of BOUNDS.

65. That the willful and wanton actions of ROBERTSON and SHEPARD, individually and as employees and agents of PINNACLE against BOUNDS caused him actual, compensatory and consequential damages, and resulted in the deprivation of his liberty for a period of five (5) days. Moreover, these actions caused him great pain and suffering on and about his body from the unlawful assault and battery.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

66.     That the actions of ROBERTSON and SHEPARD, individually and as

        employees and agents of PINNACLE against BOUNDS were foreseeable in

        that they knew, or should have known that such actions would cause the

        damages and injuries hereinbefore complained of, and that with the exercise

        of reasonable care and concern, BOUNDS would not have incurred said

        damages.


**WHEREFORE**, BOUNDS prays this Honorable Court

1.  That he have and recover a judgment in an amount in excess of ten thousand

    dollars and no cents ($10,000.00) against ALL Defendants for the acts alleged

    herein;

2.  That he have and recover a judgment in an amount in excess of ten thousand

    dollars and no cents ($10,000.00) against ROBERTSON, SHEPARD and

    PINNACLE for a violation of 42 U.S.C. §1983;

3.  That he have and recover a judgment in an amount to be affixed by the Court for a

    reasonable attorney's fee and in accordance with 42 U.S.C. §1988;

4.  That he have and recover a judgment in an amount in excess of ten thousand

    dollars and no cents ($10,000.00) against ROBERTSON, SHEPARD and

    PINNACLE as punitive damages and in accordance with N.C.G.S. chapter 1D;

5.  That he have a jury trial to determine all factual issues and all damages;

6.  That the costs of this action be assessed against all defendants.

7.  For such other and further relief as to this Honorable Court appears just and

    reasonable.

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina 28403

This the **11** day of March, 2005.

BY:

Woody White
WHITE & HEARNE, L.L.P.
Attorneys for Plaintiff
265 Racine Drive, Suite #104
Wilmington, N.C. 28403
(910)313.3336

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104
Wilmington, North Carolina, 28403

## *CERTIFICATE OF SERVICE*

I, WOODY WHITE, do hereby certify that I have this day forwarded a copy of the foregoing COMPLAINT to the addressee(s) named below, as follows

( )  By hand delivering a copy of same to the office of:

( )  By depositing via U. S. Mail postage paid addressed as follows:

( X )  By U.S. Certified Mail Return Receipt Requested, postage paid as follows:

( )  By the New Hanover County Sheriff's Department addressed as follows:

> Waffle House, Inc.
> Registered Agent: C.T. Corporation System
> 225 Hillsborough Street
> Raleigh, North Carolina 27603

This is the ____11____ day of March, 2005.

BY: _____
Woody White
WHITE & HEARNE, L.L.P.
Attorneys for Plaintiff
265 Racine Drive, Suite # 104
Wilmington, North Carolina 28403
(910) 313.3336

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

## *CERTIFICATE OF SERVICE*

I, WOODY WHITE, do hereby certify that I have this day forwarded a copy of the foregoing COMPLAINT to the addressee(s) named below, as follows

( )     By hand delivering a copy of same to the office of:

( )     By depositing via U. S. Mail postage paid addressed as follows:

( )     By U.S. Certified Mail Return Receipt Requested, postage paid as follows:

(X)     By the New Hanover County Sheriff's Department addressed as follows:

Pinnacle Special Police, Inc.
Registered Agent: William E. Reynolds, Jr.
117 Sound View Drive
Wilmington, North Carolina 28409

Brian D. Shepard
Pinnacle Special Police, Inc.
925 South Kerr Avenue, Suite D
Wilmington, North Carolina, 28403

C.W. Robertson
Pinnacle Special Police, Inc.
925 South Kerr Avenue, Suite D
Wilmington, North Carolina, 28403

This is the _____11_____ day of March, 2005.

BY: _____
Woody White
WHITE & HEARNE, L.L.P.
Attorneys for Plaintiff
265 Racine Drive, Suite # 104
Wilmington, North Carolina 28403
(910) 313.3336

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

V E R I F I C A T I O N

**LOPAKA CURTIS BOUNDS**, being first duly sworn, deposes and says that he is the Plaintiff in an action filed against C.W. ROBERTSON, BRIAN SHEPARD, PINNACLE SPECIAL POLICE, and WAFFLE HOUSE, INC.; further, he states that he knows the contents of the foregoing COMPLAINT, that the same is true of his own knowledge, except for those matters stated on information and belief, and as to those matters, he believes them to be true.

LOPAKA CURTIS BOUNDS

SWORN TO and subscribed before me

this 8 day of March, 2005.

NOTARY PUBLIC

My Commission Expires: 3-8-05

WHITE & HEARNE, L.L.P
265 Racine Drive, Suite #104