UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CV-65-F

LOPAKA CURTIS BOUNDS,        )
                             )
            Plaintiff,       )
                             )
vs.                          )         ORDER
                             )
PINNACLE SPECIAL POLICE, INC.,)
*et al.*,                    )
            Defendants.      )

This matter is before the court on the parties' responses to the court's October 31, 2008 Order.

## I. FURTHER BACKGROUND

On October 7, 2008, the undersigned conducted a final pretrial conference with counsel for the parties. At the hearing, the undersigned ruled on outstanding evidentiary objections, including determining that Plaintiff's "opinion" witness, Captain Marshall Williamson, would be permitted to testify at trial as to the use of handcuffs and mace. The court also asked counsel for feedback on the court's proposed special verdict sheet and jury instructions, and specifically mentioned the possibility of double recovery and the need for election of remedies. Defense counsel contended that the special verdict sheet needed to instruct the jury that if it found " not liable" as to a Defendant on the § 1983 claim, it could not consider the battery claim. Defense counsel relied upon the North Carolina Court of Appeals decision in *Williams v. City of Jacksonville Police Department*, 165 N.C. App. 587, 599 S.E.2d 422 (2004). In that case, the North Carolina Court of Appeals held that where this federal district court allowed summary judgment on a plaintiff's claim for excessive force under § 1983 because the defendant officers' actions were reasonable under the circumstances, the plaintiff

was collaterally estopped from relitigating the same issues in the form of an assault claim under North Carolina law. *Williams*, 165 N.C. App. at 596-97, 599 S.E.2d at 430-31. Plaintiff's counsel, however, argued that the § 1983 claim and battery claim were two separate claims, and both should be submitted to the jury. The undersigned asked the parties to look into the issue more, and to apprise the court of their suggestions.

As the trial date approached, Plaintiff maintained his insistence that the jury be allowed to consider both claims. Defendants disagreed, and submitted further authorities to the court, including the Fourth Circuit's decisions in *Clem v. Corbeau*, 98, Fed. Appx. 197 (4th Cir. 2004) and *Carter v. Rogers*, 805 F.2d 1153 (4th Cir. 1986). In *Carter*, the jury found that the defendant was not liable for the plaintiff's § 1983 excessive force claim, but liable for the plaintiff's battery claim under South Carolina law. *Carter*, 805 F.2d at 1158. The Fourth Circuit noted that "[u]nreasonable or unnecessary force was the touchstone of both causes of action" and thus the jury's verdicts were inconsistent and irreconcilable as to those claims. *Id.* at 1158-59. Citing to its decision in *Ladnier v. Murray*, 769 F.2d 195 (4th Cir. 1985), where it stated that where a jury has rendered irreconcilable inconsistent verdicts a court must grant a new trial, the Fourth Circuit concluded that a new trial was necessary on the plaintiff's claims. In *Clem*, the plaintiff objected to the district court not instructing the jury on *both* his § 1983 excessive force claim and his claim for assault and battery under Virginia law. *Clem*, 98 Fed. Appx. at 204. The Fourth Circuit concluded that although "separate instructions for Clem's federal and state law claims might have been preferable," the failure to provide separate instructions was not reversible error because " a jury finding against Clem on the excessive force claim but for Clem on the assault and battery claim would be been 'inconsistent.' " *Id.*

This court did not read *Clem* or *Carter* as mandating that the court instruct the jury that if it

2

found against Plaintiff on his § 1983 claim, it was barred from considering the battery claim. Consequently, the court informed the parties that both claims would be submitted to the jury. Following a two-day trial in this action for excessive force under 42 U.S.C. § 1983 and battery under North Carolina law, the jury returned a verdict finding Defendant C.W. Robertson not liable for either the § 1983 claim or the excessive force claim. The jury found Defendant Brian Sheppard not liable for the § 1983 claim, but liable for battery under North Carolina law, and awarded Plaintiff compensatory damages in the amount of $800, and punitive damages in the amount of $1,700.00. After the undersigned dismissed the jury, Plaintiff moved for a "mistrial" as to his claims against Defendant Sheppard.

Although the Plaintiff stated in court that he is moving for a "mistrial," the court perceives that he is moving for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(a)(1)(A) provides: "The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." In this case, Plaintiff contends that the jury's verdicts as to his claims against Defendant Sheppard are inconsistent, and therefore he is entitled to a new trial as to his claims against Defendant Sheppard.

In an order filed October 31, 2008, the undersigned observed that it is constrained by the Fourth Circuit's decisions in *Carter, Clem,* and *Ladnier*, and normally, in the face of inconsistent verdicts, the court would order a new trial. In this case, however, the court queried whether the application of judicial estoppel would be appropriate, and asked the parties to brief the issue for the court. After considering the parties' responses, the court concludes that the application of judicial estoppel would be inappropriate.

3

## II. ANALYSIS

First, the court must assess whether or not the jury's verdict, finding Defendant Sheppard not liable for the § 1983 claim, but liable for battery under North Carolina law, is inconsistent. In both *Clem* and *Carter*, the Fourth Circuit concluded that a jury finding for the plaintiff on a state-law battery claim, but against the plaintiff on a § 1983 excessive force claim, would be inconsistent. Specifically, in *Carter*, the Fourth Circuit observed:

> As submitted to the jury, the use of excessive force was an essential element to be proved by Carter as the basis for recovery under either theory. Indeed the district court apparently concluded as much when it instructed the jury that there could be only one recovery and no pyramiding of damages. While it is true that not every state law tort is also a federal tort for which there can be a redress in a suit under § 1983, we do not perceive on the facts of this case how the factfinder could find for Carter on one cause of action and not the other. Unreasonable or unnecessary force was the touchstone of both causes of action, and from a comparison of South Carolina and federal law, we do not think that there is any distinction between the degree of unnecessary and unreasonable force giving rise to each cause of action.

805 F.2d at 1158. A review of North Carolina law, and the jury instructions in this case, leads the court to the same conclusion here.

As the court instructed the jury regarding battery under North Carolina law, a law enforcement officer is justified in using force upon another person when and to the extent that he reasonably believes it necessary (1) to prevent the escape from custody or to effect an arrest of a person who he reasonably believes has committed an offense, unless he knows that the arrest is unauthorized; or (2) to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape. Thus, under North Carolina law, an officer in making an arrest and securing control of an offender has the right to use such force as may be

4

reasonably necessary in the proper discharge of his duties. An officer may not, however, use unnecessary or excessive force. Just as in *Carter* and *Clem*, "[u]nreasonable or unnecessary force was the touchstone of both causes of action." *Carter*, 805 F.2d at 1158. Thus, the jury verdict was inconsistent.

Where a jury's verdict cannot be reconciled or harmonized, the Fourth Circuit has instructed that "it is necessary to grant a new trial." *Id.* (citing *Ladnier*, 769 F.2d at 198). This court, however, perceived that this case appeared to be an instance where Plaintiff would get to have his cake and eat it too, and thus requested the parties to brief whether it is appropriate to apply judicial estoppel

As the court noted in its October 31, 2008, Order, throughout this case Plaintiff was adamant that the jury be able to consider both claims separately, going so far as to suggest that the jury could find for the Plaintiff on the § 1983 claim, without finding for the Plaintiff on the state claim, or vice-versa. The basis for the "motion for mistrial," however, is that the verdict was inconsistent as to Defendant Brian Sheppard. As this court already has observed, inherent in Plaintiff's argument for a new trial is the assertion that the jury logically could not find for the Plaintiff on the battery claim without also finding for him on the § 1983 claim; a position that is squarely in opposition to the one he took just days before trial.

Although the court does not like the present posture of this case, and is of the opinion that Plaintiff has received exactly what he was seeking, the court cannot conclude that is appropriate to apply judicial estoppel. The court agrees with Plaintiff that he was not attempting to play fast and loose with the court. *See, e.g.* 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4477 (explaining that one theory of judicial estoppel "focuses on protecting the integrity of the courts, protecting them from the danger that a lucky or

5

skillful advocate may persuade one tribunal of a proposition and then persuade another tribunal of the opposite proposition."). However, the court must note it does not recall Plaintiff specifically modifying his earlier statement regarding the jury's ability to find for him one on claim and not the other. Nevertheless, the court perceives that confusion for all parties, including the court, was engendered by the discussion of "election of remedies."

With the benefit of hindsight, the court can now see that the discussion of election of remedies actually encompassed two separate topics. The topic the court intended to broach was the prevention of double recovery for the same injury, and how to structure the damages portion of the verdict sheet accordingly. The second topic that defense counsel raised in the course of the election of remedies discussion was the potential for inconsistent verdicts and concomitantly, how to avoid them. Although seemingly related, the two topics involve distinct legal issues and approaches.

To be frank, the court was focused on the first topic: the prevention of double recovery. The court viewed Defendants' supplemental authorities as instructive on what to do in the face of an inconsistent jury verdict. The court did not take the critical next step of ensuring that the jury did not have the opportunity to render an inconsistent verdict–a step Plaintiff apparently did not think was necessary. Plaintiff still apparently views this as an issue of double recovery, as opposed to an obligation to both instruct the jury and provide the jury with a verdict sheet that eliminates the potential for an inconsistent verdicts. Although such a perception is misguided, the court cannot assert that Plaintiff has reversed his position in such a manner that he was attempting to manipulate the court. Did Plaintiff benefit from the court's focus on preventing a double recovery, as opposed to focusing on jury instructions and accompanying verdict sheet that eliminated the possibility of an inconsistent verdict? Undoubtedly yes. But the court cannot conclude that the benefit arose because

of Plaintiff's malfeasance.

Consequently, the court concludes that it is not appropriate to apply judicial estoppel in this case. Given that the jury's verdict was inconsistent as to the claims against Defendant Sheppard, Plaintiff's motion for new trial is ALLOWED. The Clerk of Court is DIRECTED to schedule and notice this matter for trial on the undersigned's March 23, 2009 term of court.

SO ORDERED.

This the 18th day of December, 2008.

James C. Fox
Senior United States District Judge

7